UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-191-H

DANNY MOZEE                                                                             PLAINTIFF

V.

ROGER A. DUGGER
and
LEGGETT & PLATT, INC.                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This case arises from an automobile accident which occurred in Jefferson County, Kentucky, in which Roger Dugger, driving a freightliner owned by Leggett & Platt, Inc., collided with another vehicle driven by Plaintiff, who suffered serious injuries as a result. Its subsequent removal to federal court has raised several difficult issues about the requirement that such removal under 28 U.S.C. § 1446(b) occur as soon as one can ascertain the minimum jurisdictional amount is met. The Court will address those questions now.

I.

As always the context of the unfolding litigation is important. The accident in question occurred on January 5, 2007. Ten months later in November, 2007, Plaintiff's counsel wrote Defendants a demand letter which discussed Plaintiff's medical expenses in detail, demonstrated total medical expenses of almost $20,000, listed his loss wages at about $4,200 and demanded full policy limits as settlement. On December 11, 2007, counsel disclosed that Plaintiff had been placed on permanent restriction from his regular occupation. He demanded $200,000 for settlement. Defendants rejected both of these demands.

Eleven months later, on November 20, 2008, Plaintiff filed his complaint in Jefferson Circuit Court, alleging negligence, permanent physical injury, mental pain and suffering, medical expenses and permanent impairment of his power to labor and earn money. As required, under Kentucky law, Plaintiff did not specifically set forth a particular demand in his complaint. However, at the same time Plaintiff filed his complaint in state court, he also submitted requests for admission, one of which asks Defendants to admit that Plaintiff was entitled to $100,000 in pain and suffering. Shortly after receiving the complaint, Defendants sent their own Request for Admissions asking, among other things, whether Plaintiff sought more than $75,000 in damages.

On February 12, 2009, Plaintiff answered the request for admission in the affirmative, stating that he did seek more than $75,000. On March 10, 2009, Defendants removed to federal court stating that the notice was filed within thirty (30) days of the receipt of an order or paper from which it could be ascertained that the action was removable. Subsequently, Plaintiff has moved to remand on the grounds that the removal was untimely, having occurred more than thirty (30) days after the filing of the state court complaint. Plaintiff says that Defendants were well aware of the amount of Plaintiff's claims at the time the complaint was filed and that, therefore, the thirty-day window began to run when Defendants received the original complaint.

II.

This Court has written several times about the real difficulties for the practitioner deciding when to file a motion to remand and from the Court's viewpoint, whether such a motion is timely. *See Egan v. Premier Scales & Systems*, 237 F.Supp.2d 774 (W.D. Ky. 2002); *McCraw v. Lyons*, 863 F.Supp. 430 (W.D. Ky. 1994). The initial question presented here is whether

2

Defendant is able to ascertain from a fair reading of the complaint that the minimum jurisdictional amount exists. *Egan v. Premier Scales*, 237 F.Supp.2d at 776. If so, Defendant cannot idly sit by while the thirty-day period runs. *McCraw v. Lyons*, 863 F.Supp. at 434.

The removal statutes are strictly construed so that § 1446(b) commences the thirty-day period from the date a defendant has solid and unambiguous information that a case is removable. *Id.* Several other Kentucky federal judges have considered whether pre-complaint conversations and a defendant's actual knowledge are relevant to the question of the amount likely at issue. Both Judges Hood and McKinley reached the logical conclusion that one must consider a defendant's actual knowledge to determine when the thirty-day period commences. *Bragg v. Kentucky RSA,* 126 F.Supp.2d 448, 450 (E.D. Ky. 2001); *Johnson v. Hartford Insurance Company*, 2008 WL 3850482 (W.D. Ky. 2008). The Court agrees with their general view. A defendant's actual knowledge of facts is important as to whether the case is removable based upon the initial pleading. Any direct written communication or pleading can add an important factual context. On the other hand, the Court does not sanction any effort to determine whether a defendant should have or could have inquired more diligently into unknown facts. This is not required.

The bare bones complaint in our case yields an uncertainty. However, one never reads a complaint in a vacuum. Here, Defendants had actual knowledge of the full extent of Plaintiff's extensive injuries and monetary losses. From this information alone, Defendants could have successfully argued that the case could well exceed the jurisdictional minimum. Moreover, Defendants had actual knowledge that Plaintiff himself also valued the case well in excess of the jurisdictional amount. Based upon the complaint, Defendants concurrent knowledge of the

3

accident, the injuries, the medical expenses and lost wages, as well as the contemporaneous request for admissions suggesting that Plaintiff would claim in excess of $100,000 for pain and suffering, this Court concludes that upon receiving the complaint Defendants were easily able to ascertain that it exceeded the minimum jurisdictional amount. Consequently, Defendants were under an obligation to remove under § 1446(b) to federal court within thirty days of its receipt, if they chose to do so at all.

Though the questions here present very real dilemmas for the practitioner, the consistent message of these cases is "when in doubt, remove." If Defendant had followed that advice here, the case would either have been removed, or remand would have occurred only after Plaintiff stipulated to an amount at issue less than $75,000. *See Egan v. Premier Sales & Systems*, 237 F.Supp.2d at 776-78.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is remanded to Jefferson Circuit Court.

cc:     Counsel of Record